# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | |
|---|---|
| ASHLIE GORLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 1:23-CV-43-SNLJ |
| MARTIN & BAYLEY, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

Defendant Martin & Bayley, Inc., removed this case from Missouri state court under 28 U.S.C. § 1441, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. [Doc. 1.]  As all parties recognize, as pleaded, this case lacks complete diversity of citizenship because both plaintiff Ashlie Gorley and defendant Lisa Head are citizens of the State of Missouri.  Defendants argue that plaintiff fraudulently joined defendant Head to her state court proceedings to thwart defendants' removal to federal court.  On that basis, defendants move to dismiss Head from the lawsuit and to see the case proceed in federal court.[1]  [Doc. 4.]  Meanwhile plaintiff moves to remand this case back to state court, arguing that Head was properly joined to this lawsuit so that this Court lacks jurisdiction to hear the case.  [Doc. 15.]

---

[1] Defendant Head moved to join Martin & Bayley's motion to dismiss.  [Doc. 10.]  There being no objection from any party, that motion will be granted.  Martin & Bayley's motion to dismiss [Doc. 4] will be treated as though joined by all defendants.

"The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012) (citing *Block v. Toyota Motor Co.*, 665 F.3d 944, 951 (8th Cir. 2011)). "Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (citing *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.1979)).

"Joinder is fraudulent, and removal is proper, when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citing *Anderson*, 724 F.2d at 84). If governing state law is clear that a plaintiff's complaint does not properly allege a cause of action against the nondiverse defendant, then the joinder is fraudulent, and the federal court should retain jurisdiction. *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 n.6 (8th Cir. 1977). But if the complaint states "colorable" cause of action—if state law *may* impose liability on the nondiverse defendant—than there is no fraudulent joinder. *Wright Constr. Servs., Inc. v. Liberty Mut. Ins. Co.*, No. 4:18-CV-483-HEA, 2018 WL 3458703, at *2 (E.D. Mo. July 17, 2018) (citing *Foslip Pharms., Inc. v. Metabolife Intern., Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000)).

The district court should resolve all ambiguities in the controlling substantive law in plaintiff's favor. *Manning v. Wal-Mart Stores E., Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (quoting *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 112 (3rd Cir.1990)).

2

Defendants bear the burden of proving that a nondiverse party was fraudulently joined and that the case can be removed to federal court. *Drahos v. Prachyl*, No. 4:20-CV-1424-SNLJ, 2021 WL 1401525 (E.D. Mo. Apr. 14, 2021). Thus, the key issue is whether Missouri law clearly forecloses plaintiff's claim against defendant Head. To resolve that claim, the Court turns to the familiar standards of Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) requires plaintiffs to allege enough facts that demonstrate a plausible basis for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts all facts alleged in the complaint as true. *Trooien v. Mansour*, 608 F.3d 1020, 1026 (8th Cir. 2010). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The facts of this case are straightforward. On April 27, 2019, plaintiff visited Huck's Location #265, a gas station owned and operated by defendants Martin & Bayley, Inc. and Huck's Food and Fuel Stores, Inc. *Id.* at ¶ 5. The gas pumps sat on a "gradual curve concrete pedestal." *Id.* at ¶ 12. At some point during her purchase, plaintiff fell from the concrete pedestal and sustained serious injuries. *Id.* at ¶ 6. Plaintiff alleges that defendants—including Huck's employee and manager Lisa Head—failed to maintain the premise in a safe condition. *See id.* at ¶ 8–9, 22–23.

Missouri law recognizes two circumstances when an individual employee may be personally liable, alongside her employer, under a theory of premises liability: first, when the employee has or assumes full and complete control of the employer's premises; second, when the employee breaches some duty that she owes to a third person. *Bresee v. Wal-*

3

*Mart Stores E., L.P.*, No. 1:12-CV-160-SNLJ, 2013 WL 136457, at *2 (E.D. Mo. Jan. 10, 2013) (quoting *State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo.Ct.App.1992)). Plaintiff relies on this second theory of liability.  For this second situation, the test is whether the employee breached her legal duty or was negligent with respect to something over which she had control.  *Id.*

Here, defendants argue that Head was fraudulently joined because she was not present at the Huck's location at the time of plaintiff's accident, she had "no control" over the premises, and she had "no knowledge" of the gradual curve concrete pedestal.  [Doc. 4 at 3–4.]  Courts of this district have held that well-crafted pleadings have stated claims against store managers who were not present on the day of the subject incidents.  *Gilmore v. Lowe's Home Centers, Inc.*, No. 1:12-CV-47-SNLJ, 2012 WL 5351594, at *3 (E.D. Mo. Oct. 30, 2012) (citing cases).  Physical presence alone is not dispositive.  Instead, the question is whether defendant has shown that plaintiff failed to allege that the defendant-employee had the requisite degree of control and knowledge of a dangerous condition such that liability could be imposed.  *See Bresee*, 2013 WL 136457, at *2 (E.D. Mo. Jan. 10, 2013).

To prove fraudulent joinder, defendants have the burden to show that Missouri law *clearly* forecloses joinder of this defendant in these particular circumstances. Defendant relies on one case in support, *Reeb v. Wal-Mart Stores, Inc.*  In *Reeb*, a store manager of a Wal-Mart department store was joined in a premises liability lawsuit by the plaintiff when the plaintiff tripped over a piece of "ragged" carpet in the store.  902 F. Supp. 185, 188 (E.D. Mo. 1995).  But the store manager established by affidavits and testimony that she

4

had only been the store manager of that location for three days before the accident, that she had not toured the area before those three days, and thus, she had no prior knowledge of the defective condition of the carpet before the accident. *Id.* at 189. In dismissing the store manager from the suit, the district court held that the plaintiff failed to provide any facts showing that the store manager had "personal or constructive knowledge of the alleged defective condition of the carpet and breached a duty to repair or remove it." *Id.*

Here, it is undisputed that defendant Head is a manager of Huck's Location #265. Defendant contends that she is a district manager of multiple Huck's stores—not just the store manager of this specific store—but just because she was responsible for more than one store does not mean that she had no responsibility for this specific store. Unlike the plaintiff in *Reed,* here, plaintiff pleaded that Head managed the store, that she owed a duty to keep the premises "reasonably safe for shoppers," and that she breached that duty by failing to warn customers about the gradual curve concrete pedestal that the gasoline pumps sat upon, failing to barricade the curb, or failing to paint the curb a contrasting color to draw customers' attention to the curb. [Doc. 1-1 at ¶¶ 23–28.] Plaintiff also pleaded that Head had the requisite degree of knowledge in that she knew of the danger of the elevated curb but failed to take adequate steps to ensure the safety of customers. *Id.* at ¶ 29. Based on these facts, this case is clearly distinguishable from *Reed*, and defendants cite to no other Missouri case law to show that state law clearly forecloses the joinder of this defendant in these particular circumstances.

Because plaintiff has pleaded a colorable cause of action against defendant Head, defendant has failed to meet its burden of showing fraudulent joinder. Thus, defendant

Head will remain a party to this lawsuit, which means there is not complete diversity among the parties.  Therefore, the Court lacks jurisdiction to hear this case, removal was improper, and this action will be remanded back to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Lisa Head's motion to join the motion to dismiss [Doc. 10] is **GRANTED**

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [Doc. 4] is **DENIED**

**IT IS FURTHER ORDERD** that plaintiff's motion to remand the case to state court [Doc. 15] is **GRANTED**

**IT IS FINALLY ORDERED** that this case be dismissed for lack of jurisdiction and **REMANDED** to the Circuit Court of Butler, Missouri.

Dated this 22nd day of June, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

6